KNOLL, Judge,
dissenting.
I do not find the trial court abused its discretion in not granting a continuance on the grounds urged by defendant, i.e., he claimed he did not have time to hire an attorney. The trial judge has wide-discretion in granting or denying a motion for continuance and he should not be reversed absent an abuse of his discretion. LSA-C. Cr.P. Art. 1601 requires that: “A continuance may be granted in any case if there is good ground therefor.” (Emphasis added.) In my view, “good ground” did not exist for a continuance, therefore, the trial judge did not abuse his discretion. The record shows the continuance was not necessary in order for defendant to have time to hire an attorney for the rule. He received the papers on June 1, 1989, and the hearing was held on June 12, 1989. He astutely pointed out at the hearing that he had “only” six working days to hire an attorney. Six days is adequate time to hire an attorney. There is an urgency to cases of this nature. In my view by reversing the trial court under these circumstances on a motion for continuance, we are not applying the standard of abuse of discretion, but affording this defendant a greater right because he is charged with civil contempt.
In my view since this is a civil proceeding and not a criminal proceeding, he is not constitutionally entitled to a lawyer. Therefore, by holding the hearing without defendant represented by a lawyer, although he was exposed to jail time, is not per se reversible error. In my view, public policy dictates that the enforcement of defendant’s obligation bear penal consequences and remain a purely civil proceeding, without triggering the constitutional *1217 safeguards provided a criminal defendant. Appointment of counsel at civil support enforcement proceedings would serve only to frustrate public policy. Further, if this is to be the civil requirement, it should be done by legislative act and not by judicial decree.
Finally, I note that all the criminal cases relied upon for appointment of counsel at proceedings for enforcement of support obligations with contempt, involve a criminal proceeding and this distinction is made in the cases. Not every civil case of nonsupport will constitute LSA-R.S. 14:74, which is criminal neglect of family. Since writs were not taken in State v. Creamer, 528 So.2d 667 (La.App. 2nd Cir.1988), (Creamer is a civil proceeding), I would not follow Creamer, which is relied upon by the majority.
For these reasons, I respectfully dissent.